# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : : : : v. : : STEVEN JACOBS : : : : | CRIMINAL ACTION No. 22-292 |

**McHUGH, J.**                                                                                    **November 9, 2022**

## MEMORANDUM

Petitioner Steven Jacobs is a defendant in a pending state court criminal action in the Philadelphia Court of Common Pleas, arising out of his arrest on October 3, 2020. ECF 2 at 1. He seeks to remove that prosecution to federal court. *Id.* Because his removal notice is not timely, I must remand the action to the Philadelphia Court of Common Pleas. Alternatively, because I find that Jacobs has failed to establish any of the narrow bases upon which removal of a state criminal prosecution is proper, a remand is required.

Mr. Jacobs' removal notice is not timely. Under 28 U.S.C. § 1455(b)(1), a notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the defendant shows good cause for his late filing. Here, Mr. Jacobs was arraigned on April 5, 2021, and he has not yet stood trial. *See* Criminal Docket, *Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (Pa. Ct. C.P. Phila. Cty.).[1] Far more than 30 days have passed since Mr. Jacobs' arraignment, and he has not shown any good cause for

---

[1] I am permitted to take judicial notice of the contents of another Court's docket. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

his delay.  Therefore, Mr. Jacobs' removal is not timely, and the action must be remanded.  *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice [of removal] . . . that removal should not be permitted, the court shall make an order for summary remand.").

Alternatively, the action must be remanded because Mr. Jacobs does not state any ground upon which removal is permitted.[2]  "There are limited circumstances in which a criminal state court prosecution can be removed to federal court."  *Pennsylvania v. Smith*, No. 19-5753, 2020 WL 671017, at *3 (E.D. Pa. Feb. 10, 2020) (Savage, J.).  Those circumstances are set forth in three statutes: 28 U.S.C. §§ 1442, 1442a and 1443.  *Id*.  Section 1442(a) allows removal of state criminal actions brought against "federal officers and agencies for acts done under color of law."  *Id.*  Section 1442a permits removal of criminal prosecutions brought against a member of the armed forces for an act done "under color of his office or status."  *Id.*  Lastly, § 1443 authorizes removal of criminal prosecutions in two situations.  The first situation where removal is proper under § 1443 occurs when a defendant "is denied or cannot enforce" in the state court "a right under any law providing for the equal civil rights of citizens."  28 U.S.C. § 1443(1).  Under this subsection, the defendant must show that he was deprived of rights guaranteed by a federal law that provides for "specific civil rights stated in terms of racial equality."  *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997); *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  The second situation under § 1443 in which removal is proper applies to federal officers and "those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," and to state officers who refuse to do an act because it would be inconsistent with such law.  *City of Greenwood v. Peacock*, 384 U.S. 808, 824, 824 n.22 (1966); *see* 28 U.S.C. § 1443(2); *Smith*, 2020 WL 671017, at *3.

---

[2] A notice of removal must explicitly state all relevant grounds for removal.  28 U.S.C. § 1455(b)(2).  Any unstated grounds are waived unless the Court finds good cause shown.  *Id.*

In this case, removal is not proper because Mr. Jacobs is neither a federal or state officer, nor is he a member of the armed services. Further, Mr. Jacobs cannot remove his case under § 1443(1) because he does not allege any violation of rights stated in the specific terms of racial equality.[3] *See Rachel*, 384 U.S. at 792 (explaining that a broad claim under the Due Process Clause or § 1983 cannot support removal under § 1443 because those clauses are not grounded in the specific language of racial equality). Mr. Jacobs asserts that his detention and arrest are "unlawful," but provides no additional detail.[4] Indeed, the only specific violation of rights Mr. Jacobs does allege arises from a "previous acquittal," which also would not provide proper grounds for removal of the underlying action. ECF 2 at 4. Thus, because Mr. Jacobs has not stated any ground upon which removal is proper, I must remand this action to the Philadelphia Court of Common Pleas.

In sum, Mr. Jacobs' removal notice fails to meet the procedural and substantive requirements for removing a state criminal action to federal court. I will therefore remand this action. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[3] To the extent Mr. Jacobs seeks to bring an excessive force claim, that claim is not properly raised by a habeas petition or by a notice of removal of his state criminal prosecution.

[4] Mr. Jacobs also docketed a 2021 opinion dismissing a prior habeas petition, which arose out of this same detention. ECF 3; *see Jacobs v. Warden of Riverside Correctional Facility*, No. 20-6590, 2021 WL 933242 (E. D. Pa. Feb. 10, 2021) (Lloret, Mag.). There, Mr. Jacobs also asserted that he was "illegally seized," but provided no further detail or explanation. *Id.* at *1. Mr. Jacobs' reasons for filing this opinion are not clear but, regardless, it has no impact on my decision to remand this action.